**In re: AD–II ENGINEERING, INC., Petitioner.**

**Misc. No. 852.**

United States Court of Appeals, Federal Circuit.

May 29, 2007.

Before RADER, BRYSON, and LINN, Circuit Judges.

## ORDER

LINN, Circuit Judge.

AD–II Engineering, Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to (1) vacate its April 20, 2007 order setting a briefing schedule for SRAM Corporation's summary judgment motion and (2) enter judgment declaring claim 16 of SRAM's patent invalid.

SRAM sued AD–II for infringement, and AD–II sought a declaratory judgment that the patent was invalid, unenforceable, and not infringed. The district court determined, inter alia, that the patent was not invalid, and AD–II appealed. This court vacated and remanded for further proceedings concerning invalidity. *SRAM Corp. v. AD–II Engineering, Inc.*, 465 F.3d 1351 (Fed.Cir.2006). On remand, SRAM filed a notice of amendment indicating that it wished to assert infringement of claim 27 of the patent in addition to claim 16. On the same day, SRAM filed a motion for partial summary judgment on its claim for infringement of claim 27. On April 20, 2007, the district court held a hearing. At the hearing, AD–II argued that this court's remand order did not permit SRAM to add a claim of infringement of claim 27. SRAM disagreed. The district court stated "I may agree with [AD–II] that it's too late to do this. I may agree with you that there are other reasons not to hear this motion. But I'm not prepared to do that today ... I think there [are] some pretty serious issues here about whether or not [SRAM] can bring this, but I'm just not prepared to make the decision one way or the other today." The district court then entered a minute order setting deadlines for briefing and hearing of SRAM's summary judgment motion.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

AD–II requests that this court direct the district court to vacate its April 20 order and foreclose litigation on SRAM's claim of infringement of claim 27. We note that the district court's April 20 order merely set a briefing schedule for SRAM's summary judgment motion, and that at the April 20 hearing the district court indicated that it had not decided whether to allow SRAM to pursue the new claim. Under these circumstances, we determine that AD–II's request for mandamus relief is premature.

AD–II further requests that this court direct the district court to enter judgment declaring claim 16 of SRAM's patent invalid based on a recently-concluded third reexamination by the Patent and Trademark Office. We determine that AD–II has not shown that it cannot attain the relief sought either in the pending district court proceedings or, if unsuccessful in the district court, by subsequent direct appeal. Thus, we conclude that mandamus relief is not proper.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.