NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 858

IN RE AD-II ENGINEERING, INC.,

Petitioner.

ON PETITION FOR WRIT OF MANDAMUS

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

O R D E R

AD-II Engineering, Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of Illinois to (1) vacate or reverse its August 2 and August 3, 2007 orders denying AD-II's motion for summary judgment and (2) vacate its August 2 and August 3, 2007 orders rejecting AD-II's objection to SRAM Corporation's assertion of infringement of claim 27 of SRAM's patent.

SRAM sued AD-II for infringement, and AD-II sought a declaratory judgment that the patent was invalid, unenforceable, and not infringed. The district court determined, inter alia, that the patent was not invalid, and AD-II appealed. This court vacated and remanded for further proceedings concerning invalidity. <u>SRAM Corp. v. AD-II Engineering, Inc.</u>, 465 F.3d 1351 (Fed. Cir. 2006) (<u>SRAM II</u>). On remand, SRAM filed a notice of amendment indicating that it wished to assert infringement of claim 27 of the patent in addition to previously asserted claim 16. While that request was pending before the district court, AD-II petitioned this court for a writ of mandamus directing the district court to enter judgment that claim 16 is invalid and to vacate its order requiring briefing concerning whether SRAM could assert infringement of claim 27. AD-II argued

that this court's mandate in SRAM II did not permit the district court to allow SRAM to assert new claims in the proceedings on remand. We denied that mandamus petition because, inter alia, the district court had not decided whether to allow SRAM to assert infringement of claim 27. In re AD-II Eng., Inc., Misc. No. 852 (Fed. Cir. May 29, 2007). On August 2, the district court held a hearing on the issue and issued an order "reject[ing] AD-II's objection to SRAM's ability to raise claim 27 at this stage in the proceeding." At the August 2 hearing, the district court stated "I didn't find anything in . . . prior orders of the Court or in the mandate, certainly the mandate of the Federal Circuit, that would preclude bringing Claim 27 into the case at this point . . . if it is a matter of discretion at this point to entertain it, I am going to exercise that discretion and entertain the claim based on Claim 27."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

AD-II argues that the proceedings in this case prior to the district court's August 2 decision concerned only claim 16 and not claim 27. AD-II argues that the district court's actions are inconsistent with the mandate issued by this court in SRAM II. AD-II asserts that it seeks to enforce its "right to proceedings consistent with SRAM II [including] the right not to be compelled to participate in proceedings inconsistent with that opinion. Mandamus is available to enforce such a right because it cannot be vindicated by appeal."

On remand, a district court may, in its discretion, allow new claims to be asserted if the appellate court's mandate does not expressly say otherwise. See Rogers v. Hill, 289 U.S. 582, 587-88 (1933) (where appellate court remanded for further proceedings, "the mandate would not prevent the District Court in the exercise of a sound discretion from allowing plaintiff, were adequate showing made, to file additional pleadings, vary or expand the issues . . ."); see also Youghiogheny and Ohio Coal Co. v. Milliken, 200 F.3d 942, 950 (6th Cir. 1999) ("An appellate court's mandate . . . forecloses a lower court or an agency only from revisiting issues that the appellate court actually decided"); Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir. 1997) ("mandates require respect for what the higher court decided, not for what it did not decide"); Nguyen v. United States, 792 F.2d 1500, 1502-03 (9th Cir. 1986) ("Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues' . . . the decision whether to allow leave to amend is within the trial court's discretion").

AD-II has not shown a clear abuse of discretion. Furthermore, mandamus is not warranted merely to avoid the inconvenience of having to litigate a claim for relief. See United States v. Watson, 603 F.2d 192, 196-97 (CCPA 1979) (that petitioner may suffer hardship, inconvenience, or unusually complex trial does not provide basis for court exercising its discretion to grant mandamus); see also Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232, 244 (1980) (expenses and burdens of defending action do not constitute irreparable harm). We determine that AD-II has not shown that mandamus relief is proper.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

<u>    Sept. 28, 2007    </u>                    <u> /s/ Richard Linn          </u>
                 Date                                         Richard Linn
                                                              Circuit Judge


cc:    Michael T. Brady, Esq.
       Robert E. Browne, Esq.
       Judge, U.S.D.C., N.D. Ill.
       Clerk, U.S.D.C., N.D. Ill.

s17